FALKIEWICZ, Appellee,

v.

BLACKBURN, d.b.a., Carpet Stop, Inc., Appellant.

[Cite as *Falkiewicz v. Blackburn,* 151 Ohio App.3d 562, 2003-Ohio-677.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2002 CA 64.

Decided Feb. 14, 2003.

Kenneth Falkiewicz, pro se.

Charles M. Rowland II, for appellant.

WOLFF, Judge.

{¶ 1} James Blackburn appeals from a judgment of the Xenia Municipal Court, which ordered him to pay $1,000 to Kenneth Falkiewicz.

{¶ 2} Blackburn was the president of Carpet Stop Mill Outlet, Inc. ("Carpet Stop"), which was located in Xenia. Falkiewicz ordered carpeting from Carpet Stop. The carpet was ordered by two purchase orders dated April 10, 2002, and April 15, 2002. Falkiewicz paid a $1,000 deposit on April 11, 2002, and Carpet Stop deposited the check. On April 27, 2002, a judgment was placed against Carpet Stop by a creditor, Mohawk Carpets, and Carpet Stop in effect went out of business. Falkiewicz did not receive his carpet.

{¶ 3} Falkiewicz brought a complaint against Carpet Stop and Blackburn personally in small claims court. Blackburn was represented by counsel and conceded the liability of Carpet Stop. However, Blackburn maintained that he was not personally liable to Falkiewicz for the $1,000. The trial court concluded that the corporate veil should be pierced and ordered Blackburn to pay Falkiewicz $1,000. Blackburn, through his attorney, requested the court to make findings of fact and conclusions of law. The court declined, stating, "I don't do that on small claims. I don't think I'm required to."

{¶ 4} Blackburn appeals. Following a show-cause order from this court, Falkiewicz filed a pro se response requesting that we affirm the trial court's ruling. Blackburn raises three assignments of error.

{¶ 5}  "I. The trial court erred to the prejudice of appellant in failing to render sufficient findings of fact and conclusions of law pursuant to Civil Rule 52 which would comport to provide the appeals court with sufficient operative facts and law to determine the issues presented for review."

{¶ 6}  Under this assignment of error, Blackburn argues that the trial court was incorrect in its assumption that it did not have to comply with Civ.R. 52 in small claims cases.  We agree.

{¶ 7}  Civ.R. 52 provides:

{¶ 8}  "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

{¶ 9}  Pursuant to Civ.R. 1(C)(4), the Civil Rules do not apply in small claims matters under R.C. Chapter 1925 "to the extent that they would by their nature be clearly inapplicable."  R.C.1925.16 provides: "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, and Chapter 1901. and sections 2307.06 and 2307.07 of the Revised Code * * *."  Our review of R.C. Chapter 1925 reveals no rule inconsistent with Civ.R. 52.  Pursuant to R.C. 1925.16, Civ.R. 52 would therefore be applicable to small claims cases.  *Ohio Valley Laundry & Dry Cleaners v. Kent* (Nov. 10, 1986), Gallia App. No. 85 CA 24, 1986 WL 12633.  See, also, *Gutzky v. Elerik* (Mar. 29, 1996), Trumbull App. No. 95–T–5304, 1996 WL 210777, fn. 1.

{¶ 10}  Blackburn correctly argues that a trial court in a small claims case is required to comply with Civ.R. 52.  However, Civ.R. 52 provides that the court must provide written findings of fact and conclusions of law in response to a *written* request.  Blackburn made only an oral request.  He cites *Hall v. Peter Pan Stables* (Oct. 26, 2000), Cuyahoga App. No. 76450, 2000 WL 1594095, for the proposition that an oral request is sufficient.  That case, however, involved very different circumstances from those present in this case.  In *Hall,* the trial court had clearly granted the oral request, and both parties had submitted proposed findings of fact and conclusions of law.  The appellate court concluded that the appellee could not, under those circumstances and not having objected at trial, argue on appeal that the request should have been written.  Thus, *Hall* does not stand for the general proposition that an oral request is sufficient, and we can

locate no case supporting Blackburn's assertion. In order to preserve this issue for appeal, Blackburn should have filed a written request with the court following the hearing. Because he did not, we deem the issue to be waived.

{¶ 11} The first assignment of error is overruled.

{¶ 12} "II. The trial court erred to the prejudice of the appellant in that its decision is against the manifest weight of the evidence."

{¶ 13} Under this assignment of error, Blackburn argues that the trial court erred in piercing the corporate veil and holding him personally liable for the debts of Carpet Stop.

{¶ 14} Generally, the shareholders, officers, and directors are not liable for a corporation's debts. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 287, 617 N.E.2d 1075. However, "the corporate form may be disregarded and individual shareholders held liable for corporate misdeeds when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." Id. at 289, 617 N.E.2d 1075. The burden of proving these elements rested with Falkiewicz. *Zimmerman v. Eagle Mtge. Corp.* (1996), 110 Ohio App.3d 762, 772, 675 N.E.2d 480.

{¶ 15} Falkiewicz made no attempt to establish that the corporate veil should be pierced in this case. Rather, the trial court, after conducting limited questioning of Falkiewicz and Blackburn, concluded that Carpet Stop and Blackburn were one and the same and that Blackburn had acted inappropriately because he had to have known that his company was going to go out of business prior to accepting Falkiewicz's check. There is no support in the record for the trial court's conclusions. The only testimony on the issue is that of Blackburn, who testified that he had not known of the judgment against Carpet Stop until April 27, 2002, and that prior to that date, Carpet Stop had been operating as it always had. He further testified that he, his wife, and a Mr. Hohenstein were the directors of the corporation. This evidence is not sufficient to establish the elements necessary to pierce the corporate veil. Essentially, the trial court's ruling would hold the shareholders, officers, and directors of any closely held corporation that goes out of business personally liable for the debts of the corporation. This is not the result intended by Ohio law. Although it is unfortunate that Falkiewicz lost money, his remedy is against Carpet Stop, not Blackburn personally. Thus, the trial court erred in holding Blackburn personally liable.

{¶ 16} The second assignment of error is sustained.

{¶ 17} "III. The trial court abused its discretion and acted in an unreasonable, arbitrary and unconscionable manner in conducting direct and cross-examination on behalf of the pro se plaintiff."

{¶ 18} Although we are troubled by the manner in which the trial court questioned the parties in this case, Blackburn's third assignment of error is rendered moot by our disposition of his second assignment of error and is accordingly overruled.

{¶ 19} The judgment of the trial court will be reversed, and this matter is remanded to the trial court with instructions to enter judgment in favor of Blackburn on the claim against him personally.

Judgment reversed.

FAIN, P.J., and GRADY, J., concur.